UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND CAHNMAN,
derivatively on behalf of
STERLING BANCORP, INC.,      Case No. 22-cv-10124

           Plaintiff,      Judith E. Levy
                             United States District Judge
v.
                             Mag. Judge Elizabeth A. Stafford
BARRY ALLEN, PEGGY
DAITCH, SETH MELTZER,
SANDRA J. SELIGMAN, PETER
SINATRA, RACHEL TRONSTEIN
STEWART, and LYLE
WOLBERG,

           Defendants,

        and

STERLING BANCORP, INC.,

           Nominal Defendant.
_____/

**ORDER GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT [7], SETTING FORTH THE PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT, AND SCHEDULING THE SETTLEMENT HEARING**

Before the Court is the Plaintiff Raymond Cahnman's motion for preliminary approval of the settlement of stockholder derivative litigation against Defendants Sterling Bancorp, Inc. Barry Allen, Peggy

1

Daitch, Seth Meltzer, Sandra J. Seligman, Peter Sinatra, Rachel Tronstein Stewart, and Lyle Wolberg. (ECF No. 7.) On April 21, 2021, a hearing was held and oral argument was heard. For the reasons set forth on the record, the Court finds that the settlement meets the fairness, reasonableness, and adequacy standard for preliminary approval. (ECF No. 6-1.) Accordingly, Plaintiff's motion is GRANTED. The procedures for final approval of the settlement process are detailed below.

1. **Introduction**

WHEREAS, a stockholder derivative litigation is pending in this Court entitled *Cahnman, derivatively on behalf of Nominal Defendant Sterling Bancorp, Inc. v. Allen, et al.*, Case No. 5:22-cv-10124 ("**Action**");

WHEREAS, (a) Raymond Cahnman ("**Plaintiff**"); (b) Nominal Defendant Sterling Bancorp, Inc. ("**Sterling**" or the "**Company**"); and (c) Barry Allen, Peggy Daitch, Seth Meltzer, Sandra J. Seligman, Peter Sinatra, Rachel Tronstein Stewart, and Lyle Wolberg (collectively, the "**Individual Defendants**" and, together with Sterling, "**Defendants**," and, together with Plaintiff, the "**Settling Parties**" or "**Parties**") have entered into a Stipulation and Agreement of Settlement on January 20, 2022 ("**Stipulation**") (ECF No. 6-1), which provides for a complete

dismissal with prejudice of the claims asserted in the Action and the release of the Released Claims on the terms and conditions set forth therein, subject to the approval of this Court;

WHEREAS, in accordance with the Stipulation, Plaintiff has made an application for entry of an order preliminarily approving the Settlement and entry of this Preliminary Approval Order; approving the form, content, and method of providing notice of the Settlement to Sterling stockholders; and scheduling the date and time for the Settlement Hearing, as defined herein; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**NOW THEREFORE, IT IS HEREBY ORDERED**:

2. **Definitions:** Unless otherwise defined in this Order, the capitalized terms used herein shall have the same meanings as they have in the Stipulation.

3. **<u>Preliminary Approval of the Settlement:</u>** The Court finds the Settlement to be within the range of reasonableness that ultimately could be granted final approval by the Court, and hereby preliminarily approves the Settlement subject to further consideration at the Settlement Hearing to be conducted as described below.

4. **<u>Settlement Hearing:</u>** The Court will hold a settlement fairness hearing ("**Settlement Hearing**") on September 29, 2022, at 2:30 p.m. to consider whether the Judgment, substantially in the form of Exhibit D to the Stipulation, should be entered: (a) approving the terms of the Settlement as fair, reasonable, and adequate and in the best interests of Sterling and Sterling's stockholders; (b) dismissing with prejudice the Action pursuant to the terms of this Stipulation; (c) ruling upon Plaintiff's Counsel's application for a Fee and Expense Award; and (d) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Sterling stockholders as set forth in Paragraph 5 of this Order.

5. The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Settling Parties

4

may agree to without further notice to Sterling stockholders. The Court may also extend any of the deadlines set forth in this Order without further notice to Sterling stockholders.

6. **Manner of Providing Notice:** Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a) No later than ten (10) business days after the issuance of this Preliminary Approval Order, Sterling shall: (a) cause to be furnished or filed with the SEC a Form 8-K which will (i) state that a settlement of the Action has been reached, (ii) provide the website link for the Settlement Agreement and Notice on Sterling's corporate website (http://www.sterlingbank.com), and (iii) attach a copy of the Notice; (b) cause the Summary Notice to be published once in *Investor's Business Daily*; and (c) post a copy of the Stipulation and the Form 8-K with the Notice on Sterling's corporate website.  Sterling shall be responsible for all costs and expenses related to the posting and publication of notice.

(b) At least fourteen (14) business days before the Settlement Hearing, counsel for Sterling or the Demand Review Committee shall file with the Court an appropriate affidavit or

declaration regarding the furnishing or filing and publication of the Notice and Summary Notice.

7. **<u>Approval of Form and Content of Notice</u>:** The Court: (a) approves, as to form and content, the Notice, attached as Exhibit B to the Stipulation, and the Summary Notice, attached as Exhibit C to the Stipulation, and (b) finds that the method of providing notice of the Settlement and the Settlement Hearing set forth in Paragraph 5 of this Order: (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise Sterling stockholders of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of the application for a Fee and Expense Award for Plaintiff's Counsel, of their right to object to the Settlement and/or the application for such Fee and Expense Award, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iii) satisfies the requirements of Michigan law, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

8. **Appearance and Objections at Settlement Hearing:** Any Sterling stockholder who held Sterling stock as of January 20, 2022 and continues to hold such shares of Sterling common stock as of the date of the Settlement Hearing may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of the Court and delivering a notice of appearance to Plaintiff's Counsel and to DLA Piper LLP (US) and Zausmer, P.C. ("**Representative Defendants' Counsel**") at the addresses set forth in Paragraph 8 below, such that it is received no later than fourteen (14) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any current Sterling stockholder who does not enter an appearance will be represented by Plaintiff's Counsel and shall be deemed to have waived and forfeited any and all rights he, she, or it may otherwise have to appear separately at the Settlement Hearing.

9. Any Sterling stockholder who held Sterling stock as of January 20, 2022 and continues to hold such shares as of the date of the Settlement Hearing may file a written objection to the proposed Settlement and/or Plaintiff's Counsel's application for a Fee and Expense

Award, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement and/or the applications for such Fee and Expense Award should not be approved. All Persons desiring to object are directed to file a written objection with the Clerk of the Court and serve (by hand, first-class mail, or express service) copies of such objection on Plaintiff's Counsel and Representative Defendants' Counsel at the addresses set forth in Paragraph 8 below such that they are received no later than fourteen (14) calendar days prior to the Settlement Hearing.

**Plaintiff's Counsel:**

Eric L. Zagar
KESSLER TOPAZ
  MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706
ezagar@ktmc.com

Benjamin I. Sachs-Michaels
GLANCY PRONGAY &
MURRAY LLP
712 Fifth Avenue, 31st Floor
New York, NY 10019
(212) 935-7400
bsachsmichaels@glancylaw.com

Anthony DeLuca
ANTHONY L. DELUCA, PLC
14950 East Jefferson Avenue,
Suite 170

**Representative Defendants' Counsel:**

Richard F. Hans
John J. Clarke, Jr.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500
Richard.hans@dlapiper.com

Mark J. Zausmer
ZAUSMER, P.C.
32255 Northwestern Highway, Suite 225
Farmington Hills, MI 48334
(248) 851-4111
mzausmer@zausmer.com

Grosse Pointe Park, MI 48230
(313) 821-5905
anthony@aldplc.com

10. Any objections, filings, and other submissions: (a) must state the name, address, and telephone number of the objector and, if represented by counsel, the name, address, and telephone number of his, her, or its counsel; (b) must be signed by the objector or counsel; (c) must contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the objector wishes to bring to the Court's attention, and if the objector has indicated that he, she, or it intends to appear at the Settlement Hearing, the identity of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the hearing; and (d) must include documentation sufficient to prove that the objector owned shares of Sterling common stock as of January 20, 2022 and contain a statement that the objector continues to hold such shares as of the date of filing of the objection and will continue to hold those shares as of the date of the Settlement Hearing. Documentation establishing ownership of Sterling common stock must consist of copies of monthly brokerage account statements, or an authorized statement from

the objector's broker containing the information found in an account statement.

11. Any current Sterling stockholder may also appear and object at the Settlement Hearing with or without having submitted a written objection.

12. Unless the Court orders otherwise, any Person who does not make his, her, or its objection in the manner provided herein shall: (a) be deemed to have waived and forfeited his, her, or its right to object to any aspect of the proposed Settlement or application by Plaintiff's Counsel for a Fee and Expense Award; (b) be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be entered approving the Settlement, or the Fee and Expense Award to Plaintiff's Counsel requested and/or approved by the Court; and (c) be deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding, with respect to any matters concerning the Settlement, or such requested and/or approved Fee and Expense Award and/or service award.

13. **Stay and Temporary Injunction:** Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than

proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins the Plaintiff and all other current Sterling stockholders from asserting, commencing, instituting, or prosecuting any of the Released Claims against any of the Released Parties.

15. **Notice Costs:** All costs of publishing and posting notice of the Settlement shall be paid by Sterling, regardless of whether the Court finally approves the Settlement, and in no event shall the Plaintiff or Plaintiff's Counsel be responsible for any such notice costs.

15. **Termination of Settlement:** If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiff, all other Sterling shareholders, and Defendants, and all Parties and Released Parties shall be restored to their respective positions prior to execution of the Stipulation, as provided in the Stipulation.

16. **Use of this Order:** Neither the Stipulation (including any exhibits attached thereto), nor any fee agreement(s) that the Settling Parties have reached regarding the Fee and Expense Award ("**Fee Agreement**"), nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation, any Fee Agreement, or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used or referred to in any way by the Settling Parties as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of any of the Settling Parties or of the validity of any Released Claims; or (b) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither the Stipulation, nor any Fee Agreement, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation, any Fee Agreement, or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement or any Fee Agreement, and except that the Released Parties may file the

Stipulation, any Fee Agreement and/or the Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. **Supporting Papers:** Opening papers in support of the proposed Settlement and the Plaintiff's Counsel's application for a Fee and Expense Award shall be filed no later than twenty-eight (28) calendar days prior to the Settlement Hearing; any objections thereto shall be filed no later than fourteen (14) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed no later than seven (7) calendar days after any objections are received but at least three (3) days prior to the Settlement Hearing. The Settling Parties shall be permitted to file reply papers regardless of whether they filed opening papers in support of the proposed Settlement.

18. **Retention of Jurisdiction:** The Court retains jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of the Stipulation, and the Settling Parties and their

undersigned counsel submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

**IT IS SO ORDERED.**

Dated: April 25, 2022　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 25, 2022.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager