UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND CAHNMAN, derivatively on behalf of STERLING BANCORP, INC., <br><br>      Plaintiff, <br><br>   v. <br><br> BARRY ALLEN, PEGGY DAITCH, SETH MELTZER, SANDRA J. SELIGMAN, PETER SINATRA, RACHEL TRONSTEIN STEWART, and LYLE WOLBERG, <br><br>      Defendants, <br><br>   and <br><br> STERLING BANCORP, INC., <br><br>      Nominal Defendant. | Case No. 2:22-cv-10124 <br><br> **FINAL JUDGMENT AND ORDER OF DISMISSAL** |

WHEREAS, a shareholder derivative litigation is pending in this Court entitled *Cahnman v. Allen, et al.*, Case No. 2:22-cv-10124 ("**Action**");

WHEREAS, (a) Raymond Cahnman ("**Plaintiff**"); (b) Nominal Defendant Sterling Bancorp, Inc. ("**Sterling**" or the "**Company**"); and (c) Barry Allen, Peggy Daitch, Seth Meltzer, Sandra J. Seligman, Peter Sinatra, Rachel Tronstein Stewart, and Lyle Wolberg (collectively, the "**Individual Defendants**" and, together with Sterling, "**Defendants**," and, together with Plaintiff, the "**Settling Parties**" or "**Parties**") have entered into a Stipulation and Agreement of Settlement on January 20, 2022 ("**Stipulation**"), which provides for a complete dismissal with prejudice of the claims asserted in the Action and the release of the Released Claims on the terms and conditions set forth therein, subject to the approval of this Court ("**Settlement**");

WHEREAS, by Order dated April 25, 2022 ("**Preliminary Approval Order**"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to Sterling stockholders; (c) provided Sterling stockholders with the opportunity to object to the proposed Settlement and/or Plaintiff's Counsel's application for a Fee and Expense Award; and (d) scheduled a hearing regarding final approval of the Settlement ("**Settlement Hearing**");

WHEREAS, due and adequate notice has been given to Sterling stockholders;

WHEREAS, the Court conducted a hearing on Plaintiff's Motion for Final Approval of Settlement and Award of Attorney Fees and Expenses on September 29, 2022. Oral argument was heard, and the Court considered, among other things, whether Judgment should be entered: (i) approving the terms of the Settlement as fair, reasonable, and adequate, and in the best interests of Sterling and Sterling stockholders; and (ii) dismissing with prejudice the Action pursuant to the terms of this Stipulation against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation and all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and for the reasons set forth on the record indicating that good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **<u>Definitions</u>:** Unless otherwise defined in this Order, the capitalized terms used herein shall have the same meanings as they have in the Stipulation.

2. **<u>Jurisdiction</u>:** The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over the Settling Parties.

3. **<u>Incorporation of Settlement Documents</u>:** This Judgment incorporates and makes a part hereof the Stipulation filed with the Court on January 21, 2022, all exhibits thereto.

4. **<u>Notice</u>:** The Court finds that: (a) the publication of the Summary Notice in *Investor's Business Daily*, the attachment of the Notice and statement that a settlement has been reached and a website link for the Settlement Agreement and Notice to the Company's Form 8-K filed with the SEC, and the posting of the Stipulation and the Form 8-K with the Notice on the Company's corporate website were implemented in accordance with the Preliminary Approval Order and (b) the method of providing notice of the Settlement and the Settlement Hearing set forth in the Preliminary Approval Order: (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise Sterling stockholders of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of their right to object to the Settlement, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iii) satisfies the requirements of Michigan law, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

5. The Settlement set forth in the Stipulation is fair, reasonable, adequate, and in the best interests of Sterling and Sterling stockholders, and the Court further finds in connection therewith that:

(a) The Settlement was negotiated at arm's length by experienced and skilled counsel on behalf of Plaintiff and Defendants.

(b) The Settlement was entered into in good faith and is not collusive.

(c) Plaintiff's Counsel conducted an investigation concerning the claims asserted in the Demand and the Action, which investigation included reviews of: (i) Sterling's public filings with, among others, the SEC; (ii) public filings by the OCC, DOJ, and other governmental authorities; (iii) the allegations in the Securities Class Action; and (iv) other news and information regarding Sterling and its directors, officers, and employees. Plaintiff's Counsel also researched and reviewed applicable law and additional authorities, including, among others, pertinent Michigan and federal law, banking and other financial regulations, and authorities concerning corporate governance and internal controls.

(d) Sterling's Demand Review Committee's counsel, DLA Piper LLP (US) ("DLA Piper"), was provided access to a repository of approximately 8.7 million pages of documents collected in the course of Arnold & Porter Kaye Scholer LLP's ("Arnold & Porter") work on behalf of the Sterling's Independent Director

Review Committee ("IDRC"), and counsel reviewed extensive materials from that collection. At the Committee's request, Arnold & Porter provided three separate briefings to DLA Piper that Arnold & Porter previously had provided to Sterling's independent auditors, Crowe LLP, regarding findings from the IDRC's internal investigation.

(e) DLA Piper reviewed, among other materials: Board and committee minutes; Board meeting materials; filings with the SEC; materials relating to the OCC Agreement; filings in the Securities Class Action; policies promulgated by Sterling and the Bank; documents concerning Bank employees who were terminated or resigned in connection with an internal review conducted by the IDRC; and compensation information for certain employees, officers, and directors. By the time the parties began to discuss terms of a possible settlement, the Demand Review Committee and its counsel also had conducted interviews of five current or former directors and had scheduled or were in the process of scheduling interviews with the other members of Sterling's Board.

(f) On April 5, 2021, the Demand Review Committee contacted counsel for Plaintiff to initiate negotiations of a potential settlement. The parties conducted negotiations over the course of several months, and on October 19, 2021 executed a term sheet documenting the principal terms of the parties' agreement to settle the claims described in the Demand (the "Term Sheet").

(g)     Between October 20 and November 18, 2021, Plaintiff's Counsel conducted confirmatory discovery to confirm the fairness, adequacy and reasonableness of the Settlement terms. Among other things, Plaintiff's Counsel reviewed Sterling's public filings, as well as hundreds of pages of non-public documents produced by Sterling, received a presentation from counsel for the Demand Review Committee of the actions taken by the Demand Review Committee to investigate and evaluate the allegations and claims raised in the Cahnman Demand Letter, and on November 18, 2021, conducted an interview of Sterling's Chairman, Chief Executive Officer and President Thomas M. O'Brien.

(h)     Had the Settlement not been achieved, all parties faced risks and uncertainties (and associated costs and further delays) of extended litigation; and, although the Court takes no position on the merits of either the Plaintiff's or Defendants' positions, such arguments support the reasonableness of the Settlement.

(i)     The Plaintiff and the Plaintiff's Counsel have fairly and adequately represented the interests of Sterling and Sterling's stockholders in connection with the Settlement.

(j)     Notice was provided to Sterling stockholders by the methods described in Paragraph 4 above.

6.     **<u>Final Settlement Approval and Dismissal of Claims</u>:** The Court hereby fully and finally approves the Settlement set forth in the Stipulation in all

respects, and finds that the Settlement is fair, reasonable, and adequate, and in the best interests of Sterling and Sterling stockholders. The Settling Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all the claims asserted in the Action are hereby dismissed with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation and in connection with any Fee and Expense Award and/or service award approved by this Court.

8. **Binding Effect:** The terms of the Stipulation and of this Judgment shall be forever binding on the Settling Parties and all current Sterling stockholders, as well as their respective successors and assigns. Any current Sterling stockholder who has not timely submitted any actual or potential objection to the Settlement in the manner provided in the Notice is deemed to have waived any objections by appeal, collateral attack, or otherwise.

9. **Releases:** The releases set forth in Section V of the Stipulation, together with the definitions contained in Section V.1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Upon the Effective Date, Plaintiff (acting on his own behalf and, in some cases, derivatively on behalf of Sterling), Sterling, and any Person acting

derivatively on behalf of Sterling shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged and dismissed with prejudice the Released Claims (including Unknown Claims) against the Released Parties.

(b) Upon the Effective Date, Plaintiff (acting on his own behalf and, in some cases, derivatively on behalf of Sterling), Sterling, and any Person acting derivatively on behalf of Sterling, shall be forever barred and enjoined from asserting, commencing, instituting, or prosecuting any of the Released Claims against any Released Parties.

(c) Upon the Effective Date, each of the Individual Defendants and Sterling shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Plaintiff, and shall be forever barred and enjoined from asserting any Released Claims against Plaintiff.

10. **No Admissions:** Neither this Judgment, nor the Stipulation (including any exhibits attached thereto), nor any Fee Agreement, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used or referred to in any way by the Settling Parties as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of any

of the Settling Parties or of the validity of any Released Claims; or (b) is or may be deemed to be or may be used as a presumption, concession, admission, or evidence of any liability, fault, or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither this Judgment, nor the Stipulation, nor the Settlement, nor any Fee Agreement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation, any Fee Agreement, or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement or any Fee Agreement, and except that the Released Parties may file the Stipulation, any Fee Agreement and/or this Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties and all current Sterling stockholders for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) application by the Plaintiff's Counsel for a Fee and Expense Award; and (c) all other matters relating to the Action.

12. The Court hereby approves the Fee and Expense Award in the amount of $650,000, to be paid in accordance with the terms and conditions set forth in the Stipulation.

13. **Modification of the Agreement of Settlement:** Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto, to effectuate the Settlement that:

    (a) are not materially inconsistent with this Judgment; and

    (b) do not materially limit the rights of Sterling or current Sterling stockholders in connection with the Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

14. **Termination of Settlement:** If the Settlement is terminated as provided in the Stipulation or the Effective Date otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of the Settling Parties and all current Sterling stockholders, and all Settling Parties and Released Parties shall be restored to their respective positions prior to execution of the Stipulation, as provided in the Stipulation.

15. **Entry of Final Judgment:** There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

**IT IS SO ORDERED.**

Dated: September 29, 2022  
    Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2022.

s/Erica Parkin on behalf of  
WILLIAM BARKHOLZ  
Case Manager